# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOYCE MITCHEM, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | No. 1:21-cv-04922 |
| v. ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| *Defendant* ) | |

## NOTICE OF REMOVAL

Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorney, Jacqueline J. Herring of Smith von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:

1.  MetLife is the defendant in an action captioned *Joyce Mitchem v. Metropolitan Life Insurance Company*, Case No. 20211116772, pending in the Circuit Court of Cook County, Illinois, Municipal Department, First District. Plaintiff Joyce Mitchem commenced this action on August 9, 2021 by filing a Complaint in the Circuit Court of Cook County, Illinois, Municipal Department, First District.

2.  MetLife has not been served. MetLife agrees to accept service as of the date of filing this Notice of Removal. MetLife's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446 because it was filed within 30 days of service. On August 27, 2021, MetLife received by regular mail a copy of the Summons and Complaint, which are attached as Exhibits A and B. A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of

Cook County, Illinois, Municipal Department, First District is attached as Exhibit C. The Summons and Complaint constitute all of the process, pleadings and orders received by MetLife.

3. This civil action is removable based on federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff asserts a claim for payment of benefits under an employee welfare benefit plan ("Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") and sponsored by Aramark Services, Inc. ("Employer"). The Summary Plan Description for the Plan ("SPD") is attached as Exhibit D.

4. Plaintiff, in the Complaint, asserts claims against MetLife for breach of contract and statutory penalties under 215 ILCS 5/155, seeking payment of life insurance benefits under the Plan. (Ex. B, Complaint).

5. This action is removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff's claim for payment of benefits under the Plan is governed by and arises under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

6. Section 502(a)(1)(B) completely preempts the state law claims asserted in the Complaint. Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

"'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66).

7. The Plan constitutes an ERISA-regulated employee welfare benefit plan established and maintained by the Employer for the purpose of providing life and accidental death and dismemberment coverage to eligible employees of the Employer, as a benefit of employment. This case is properly removable based on federal question jurisdiction pursuant to ERISA and the doctrine of complete preemption:

(i) The Employer established and/or maintained the Plan as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and §1002(5) for the purpose of providing life and accidental death and dismemberment coverage to the Employer's eligible employees. (Ex. D, SPD, pgs. 3-4, 7, 11, 15, 24).

(ii) The SPD specifies that the Plan is "considered welfare benefit plans" under ERISA and provides ERISA information, including an explanation of "Your Rights Under The Employee Retirement Income Security Act of 1974 (ERISA)." (Ex. D, SPD, pgs. 3, 24-25, 27).

(iii) The SPD provides administrative review and appeal procedures for receiving benefits, including information about participants' and beneficiaries' right to bring a civil action under ERISA. (Ex. D, SPD, pgs. 22-23).

(iv) The Plan constitutes an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

(v) Plaintiff asserts a claim for life insurance benefits under the Plan and alleges that she is a beneficiary as defined by 29 U.S.C. §1002(8) in that she has asserted a colorable claim to employee welfare plan benefits provided under the ERISA-regulated Plan that was established, maintained and endorsed by the Employer.

(vi) Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants or beneficiaries to recover benefits or other relief under employee welfare benefit plans.

8. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for recovery of benefits, pursuant to *Taylor*, 481 U.S. 58 and *Pilot Life Ins.*

*Co. v. Dedeaux*, 481 U.S. 41 (1987). Plaintiff's claim for payment of life insurance benefits cannot be resolved without interpreting the terms of the Plan relating to eligibility for, qualification for and payment of Plan benefits. Plaintiff's state law claims, therefore, fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA. *See Davila*, 542 U.S. at 210.

9. The Plan is not exempt from ERISA under the narrow "safe harbor" provision of the United States Department of Labor's ERISA regulations. The safe harbor provision exempts benefit plans from ERISA only if all four safe harbor criteria are satisfied, including that no contributions are made by the employer, that participation is completely voluntary, and that the sole functions of the employer are, "without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer." 29 C.F.R. §2510.3-1(j).

10. The Plan falls outside of the safe harbor exemption because the Employer paid for its eligible employees' Basic Term Life Insurance and Basic AD&D Insurance coverage. (Ex. D, SPD, pgs. 7, 11, 15). *See Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383, 391-392 (6th Cir. 2009) ("[I]f an employer contributes to any employee's payment of premiums, ERISA must apply to the entirety of the particular insurance program, regardless of whether one or more employees pays his own premiums in full."); *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454 (7th Cir. 2005).

11. Moreover, the Employer endorsed the Plan and did not maintain strict neutrality. As explained by the United States Department of Labor, "[the] requirement of employer neutrality is key to the rationale for not treating such a program as an employee benefit plan, namely the absence of employer involvement." 40 Fed. Reg. 34526 (1975). If an employer fails

to maintain neutrality and endorses the plan, the safe harbor exemption is inapplicable. *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989).

12. The Employer endorsed the Plan by selecting the insurers, purchasing the coverage as a benefit for its employees, designating which employees are eligible for coverage, and paying its participating employees' coverage premiums for Basic Term Life Insurance and Basic AD&D Insurance coverage. (Ex. D, SPD, pgs. 3, 4, 7, 11, 15, 24). The Employer, therefore, "endorsed" the Plan as part of its employee welfare benefit program, rendering the safe harbor exemption inapplicable. *See Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000) ("This court has held that '[a]n employer who creates by contract with an insurance company a group insurance plan and designates which employees are eligible to enroll in it is outside the safe harbor created by the Department of Labor regulation.'") (quoting *Brundage-Peterson*, 877 F.2d at 511); *Orlando v. United of Omaha Life Ins. Co.*, No. 06 C 3758, 2007 WL 2875241, at *3 (N.D. Ill. Sept. 30, 2007) ("[T]wo employer activities, contracting with the insurer to provide the plan and designating eligible employees under it, were sufficient to place the plan within ERISA's framework.").

13. Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption, MetLife is entitled to removal of this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441. This case is properly removed from the Circuit Court of Cook County, Illinois, Municipal Department, First District, to the United States District Court for the Northern District of Illinois, Eastern Division, based on federal question jurisdiction.

14. This Court has original jurisdiction over this action based on federal question jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, METROPOLITAN LIFE INSURANCE COMPANY, requests that the above action be removed from the Circuit Court of Cook County, Illinois, Municipal Department, First District, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

Jacqueline J. Herring (IL-6282246)  
SMITH | VON SCHLEICHER + ASSOCIATES  
180 North LaSalle St. Suite 3130  
Chicago, Illinois 60601  
P: 312.541.0300 | F: 312.541.0933  
jackie.herring@svs-law.com

By: /s/ *Jacqueline J. Herring*  
Attorney for Removing Party/Defendant,  
Metropolitan Life Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2021, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the attorneys addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Jeffrey S. Deutschman
Bradley A. Skafish
Deutschman & Skafish, P.C.
77 W. Washington Street, Suite 1525
Chicago, Illinois 60602
jeff@deutschmanlaw.com
brad@deutschmanlaw.com

*/s/ Jacqueline J. Herring*
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300  |  F  312.541.0933
jackie.herring@svs-law.com
Illinois Bar No. 6282246